IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:08-3462-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| $44,700.00 in United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's second motion for sanctions. Plaintiff seeks sanctions against claimant Brandon Hodge ("Hodge") "based upon his failure to respond to discovery requests . . . and based upon his failure to comply with this Court's prior order compelling discovery responses." (Second Mot. Sanctions 1.) For the foregoing reasons, the court denies Plaintiff's motion with leave to refile.

This case is an in rem forfeiture action involving the United States' seizure of $44,700.00 ("Defendant Currency") from Hodge on May 29, 2008. (Am. Compl. ¶ 4.) On May 29, 2008, Deputy Ben Brown ("Deputy Brown") and Deputy Casey Cope ("Deputy Cope") initiated a traffic stop after noticing suspicious behavior by the occupants of a silver Chrysler 300 and observing that the two occupants were not wearing seatbelts. (Id. ¶ 8(A).) Deputy Brown approached the driver of the car, Hodge, and the passenger Bryant Scales ("Scales"). While explaining to the passengers his reasons for stopping the car, Deputy Brown noticed that Hodge's "level of nervousness continued to rise instead of decrease." (Id. ¶ 8(E).) As Deputy Brown prepared the warning ticket for the seatbelt violation, Deputy Ervin, accompanied by

1

Corporal Bradshaw, arrived with his canine to conduct a "free-air sniff around the vehicle." (Id. ¶ 8(F).) Deputy Ervin soon advised Deputy Brown that the canine had positively alerted on the driver's door for the presence of narcotics. During a search of the vehicle, Corporal Bradshaw discovered two loaded Smith and Wesson handguns inside the vehicle's trunk and a black duffel bag containing United States currency. (Id. ¶ 8(G).) The deputies seized the currency and firearms and transported Hodge and Scales to the Spartanburg County Sheriff's Office for further questioning.

The United States filed the instant in rem forfeiture action on October 10, 2008. The Government believes that the Defendant Currency is connected to illegal drug trafficking. Hodge, however, contests "the forfeiture of the Defendant Currency . . . claiming that it is 'clean' funds for which he can legitimately account, contending that the funds were . . . legitimately derived over time from his rental properties and yard-work business." (Second Mot. Sanctions 1.) As such, the Government continues to seek discovery relating to Hodge's alleged sources of income to account for the Defendant Currency.

The United States filed a motion to compel discovery on July 24, 2009. This court granted Plaintiff's motion to compel on August 14, 2009. On September 11, 2009, the United States filed a motion for sanctions alleging that Hodge failed to comply with the court's August 14, 2009 order compelling discovery. In particular, the United States alleged that during Hodge's deposition on August 20, 2009, Hodge "acknowledged that he still had other documents which he had not produced" yet he failed to produce those documents following his deposition. (First Mot. Sanctions 2-3.) The court held a hearing on the motion on October 6, 2009. Prior to the hearing, Hodge's attorney provided some of the requested discovery which

included (1) a list containing individuals' names and telephone numbers who allegedly paid Hodge for his company's services, (2) a verification signed by Hodge to accompany his answers to previous interrogatories, and (3) a response by Hodge indicating that he did not have any further documents although he stated the contrary during his deposition. (Second Mot. Sanctions 3.) Additionally, during the hearing the parties agreed to resume Hodge's deposition. Accordingly, the court found that the United States' first motion for sanctions was moot.

The United States filed the instant motion on December 16, 2009. The response was due January 4, 2010; however, no response was filed. The United States alleges that Hodge has failed to provide (1) a formal written response to the Request for Production; (2) his original daytimer schedule books that reflect the jobs his company performed as he agreed during his second deposition; (3) a notebook containing the names and telephone numbers of his customers for his yard business as he agreed during his second deposition; and (4) records of payment for his yard-work business on a weekly basis as he agreed during his second deposition. (Id., generally.) Based on Hodge's consistent failure to adhere to discovery requests, the United States seeks "dismissal of Hodge's claim." (Id. 7.)

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).[1] Hodge has consistently failed to comply with discovery requests including a portion of this court's order granting

---

[1] "Rule 37(b)(2) limits the availability of sanctions to 'parties' and their agents; this is no bar to the dismissal of [Hodge's] claim, as courts have long held that *in rem* claimants are parties to the action." United States v. U.S. Currency in Amount of Six Hundred Thousand Three Hundred and Forty-One Dollars and No Cents ($600,341.00) in U.S. Currency, 240 F.R.D. 59, 63 n.6 (E.D.N.Y. 2007).

Plaintiff's motion to compel on July 31, 2009. "Rule 37 permits a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order." Riggins v. Steel Techs., No. 01-1769, 2002 WL 31319543, at *2 (4th Cir. Oct. 17, 2002) (unpublished). The United States has filed a motion to compel discovery and two motions for sanctions in an effort to force Hodge to comply with its discovery requests. The court will allow Hodge one more opportunity to produce the requested discovery. The court hereby grants Hodge ten (10) days from the date of this order to fully comply with all current discovery requests. If at the expiration of the ten-day period Hodge has failed to comply with the discovery request, the United States is instructed to refile its motion for sanctions. If Hodge fails to comply, the court will dismiss his claim. Accordingly, the United States' motion for sanctions is denied with leave to refile.

Therefore, it is

**ORDERED** that Plaintiff's second motion for sanctions, docket number 43, is denied with leave to refile; it is further

**ORDERED** that Hodge is given ten (10) days to fully comply with all pending discovery requests.

**IT IS SO ORDERED.**

                                                             s/Henry M. Herlong, Jr.
                                                             Senior United States District Judge

Greenville, South Carolina
January 25, 2010